1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID MIX,                           No.  2:14-cv-01594-KJM-AC

12              Plaintiffs,

13        v.                              ORDER

14   KIMBERLY K. NEEB; MARK A.
     SAMPSON; SAMPSON TRANSPORT
15   LLC, a Wyoming Limited Liability
     Company; and DOES 1 to 10,[1]
16
              Defendants.
17

18

19

20

---

[1] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (modifications in the original). Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie,* 629 F.2d at 642). Plaintiff is further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause, is applicable to doe defendants. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

1          This matter is before the court on the named defendants' motion to dismiss the

2   complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The matter was

3   submitted without argument.  As explained below, the court denies the defendants' motion.

4   I.       BACKGROUND

5          The complaint makes the following allegations: The plaintiff, David Mix, lives in

6   Sacramento County, California.  Compl. 1:24-25, ECF No. 1.  He began working with the

7   defendant, Sampson Transport, LLC, as a truck driver on about June 10, 2013.  *Id*. at 2:28-3:1.

8   Sampson is a Wyoming company and has its principal place of business in Washington.  *Id.* at

9   2:2-4.  Kimberly Neeb and Mark Sampson are Washington residents and Sampson's owners.  *Id.*

10  at 1:26-2:1.  This order refers to the defendants collectively as "Sampson."

11         Mr. Mix entered a "written lease and independent contractor agreement" (ICA)

12  with Sampson around the time their relationship began, on or about June 10, 2013.  *Id.* at 3:5-6.

13  He transported goods for Sampson's clients, *id.* at 3:7, and was paid a portion of his receipts upon

14  completion of each job.  *Id.* at 3:16.  Mr. Mix claims Sampson "exerted significant control" over

15  his activities.  *Id.* at 3:11.  It "control[led] the manner in which [he] performed his job."  *Id.* at

16  3:12-13.  "Many times" Sampson loaded his truck without asking whether he would accept the

17  job.  *Id.* at 3:8-10.  Sampson required him to accept assignments under threat it would terminate

18  his contract.  *Id.* at 3:13-15.  Expenses were deducted from his invoices.  *Id.* at 3:17.  Sampson

19  paid him inconsistently even though he understood he would be paid on the first of every month.

20  *Id.* at 3:17-20.  He claims Sampson still owes him money.  *Id.* at 3:21-23.  Sampson required him

21  to work overtime hours but did not pay him overtime wages.  *Id.* at 8:15-17.  Mix paid for

22  maintenance and repairs.  *Id.* at 4:27-5:2.

23         At first Mix leased his truck and trailer from Sampson. *Id.* at 3:24-25.  In late

24  October, 2013, he agreed to purchase a truck and trailer from Sampson on credit.  *Id.* at 3:28-4:7.

25  The transaction was completed in two separate agreements: one for the truck and one for the

26  trailer.  *Id.*  Both carried 24.9 percent interest with monthly payments due over a four year period

27  beginning on January 8, 2014.  *Id.*  Mix alleges he has made all his payments on time, but

28  Sampson refuses to accept his money and has attempted to repossess his truck and trailer.  *Id.* at

4:19-26.  Thanks to the "uncertainty" caused by Sampson's efforts to repossess his truck and trailer, Mix has been unable to work.  *Id.* at 5:3-6.  He filed his complaint in this district on July 7, 2014 on the basis of the court's diversity jurisdiction.

On these allegations Mr. Mix advances six causes of action, all under state law: (1) breach of the ICA, *id.* at 5:11-27; (2) breach of the agreement to purchase the truck, *id.* at 6:1-15; (3) breach of the agreement to purchase the trailer, *id.* at 6:16-7:2; (4) damages arising from Sampson's misclassification of him as an independent contractor rather than an employee, *id.* at 7:3-8:10; (5) unpaid overtime wages, *id.* at 8:11-9:16; and (6) unfair business practices in violation of California Civil Code § 17200, *id.* at 9:17-10:3.

Sampson filed a motion to dismiss, Defs.' Mot. Dismiss (Mot.), ECF No. 10, and supporting memorandum of points and authorities, Mem. P.&A. (Mem.), ECF No. 10-1, on September 8, 2014.  Sampson attached to its motion the Declaration of Kimberly Neeb.  Neeb Decl., ECF No. 10-3.  Sampson amended its motion on September 9, 2014 to clarify that it also sought dismissal of the plaintiff's employment claims.  Am. Mot. Dismiss 2:1-2, ECF No. 11.  On September 26, 2014, Mr. Mix filed an opposition, Pl.'s Opp'n (Opp'n), ECF No. 12, and an Objection to Evidence challenging the admissibility of the Neeb Declaration, Pl.'s Obj. to Evidence, ECF No. 12-1.  On October 3, 2014, the defendants replied and submitted an amended Declaration of Kimberly Neeb.  Defs.' Reply, ECF No. 13; Am. Neeb Decl., ECF No. 13-1.

While Sampson's filings lack clarity, it appears Sampson argues first for dismissal of the first three causes of action, the contract claims, because one of its agreements with Mr. Mix includes a forum selection clause in favor of Washington.  Mot. at 2:7-9.  Second, it argues for a dismissal of the misclassification, overtime wages, and unfair business practices claims because Mix was not Sampson's employee, but an independent contractor.  Mem. at 4:25-11:24; Am. Mot. Dismiss 2, ECF No. 11.  Sampson also argues that Mix has not alleged any cause of action against the individual defendants, Mr. Sampson and Ms. Neeb, Mem. at 11:27-12:2, and that the defendants are entitled to attorneys' fees "under operation of contract."  Mem. 12:4-5.  The court considers each of these arguments in turn.

3

1    II.      DISCUSSION

2            A.      Contract Claims

3            Sampson moves to dismiss the contract claims "on the grounds of improper

4    venue."  Mot. at 2:7.  It requests the court "enforce the forum and venue selection clause" but

5    brings its motion to dismiss "pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Mot. at 2:7-

6    9.  In their reply, the defendants also request this court act under 28 U.S.C. § 1404(a) to transfer

7    the case to the Western District of Washington.  Reply at 3:7-8.  Even though the request is made

8    first in reply, the court considers it in light of the court's ability *sua sponte* to transfer a case

9    under § 1404(a).  *See, e.g.*, *Washington Pub. Utilities Grp. v. U.S. Dist. Court*, 843 F.2d 319, 326

10   (9th Cir. 1987) ("[S]ection 1404(a) does not expressly require that a formal motion be made

11   before the court can decide that a change of venue is appropriate.");  *Costlow v. Weeks*, 790 F.2d

12   1486, 1488 (9th Cir. 1986).

13           Federal Rule of Procedure 12(b)(6) permits a party to assert by motion that a

14   complaint "fail[s] to state a claim upon which relief can be granted."  Rule 12(b)(3) permits a

15   party to assert by motion that venue is "improper."

16           In reply, Sampson confirms its motion is based on Rule 12(b)(6), not 12(b)(3).

17   Reply at 1:10.  The Supreme Court has not foreclosed this avenue.  *Atl. Marine Const. Co. v. U.S.*

18   *Dist. Court for W. Dist. of Texas*, 571 U.S. ___, 134 S. Ct. 568, 580 (2013).  It appears no

19   controlling precedent precludes 12(b)(6) dismissal based on a contrary forum selection clause.

20   *See JPMorgan Chase Bank, N.A. v. Trade Show Fabrications W., Inc.*, No. 2:12-CV-00554-

21   GMN, 2014 WL 347476, at *2-3 (D. Nev. Jan. 29, 2014) (finding no controlling precedent and

22   declining to resolve the question).  District courts after *Atlantic Marine* have split as to whether

23   Rule 12(b)(6) is an appropriate vehicle.  *See, e.g.*, *Hudson Fin. Corp. v. Autoliv ASP, Inc.*, No.

24   1:12CV2808, 2014 WL 132437, at *2 n.1 (N.D. Ohio Jan. 14, 2014) (noting a split in authority

25   but holding that § 1404(a) is the only appropriate vehicle for enforcement of a forum selection

26   clause); *Carter's of New Bedford, Inc. v. Nike, Inc.*, No. CIV.A. 13-11513-DPW, 2014 WL

27   1311750, at *2 n.5 (D. Mass. Mar. 31, 2014) (citing First Circuit precedent allowing dismissal

28

4

1   under Rule 12(b)(6) based on a contrary forum selection clause and considering such a motion).

2   This court accepts Sampson's characterization of its motion as brought under Rule 12(b)(6).

3               1.      Dismissal Under 12(b)(6)

4               Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

5   dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

6   dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

7   under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

8   1990).  This court must construe the complaint in the light most favorable to the plaintiff and

9   accept as true its factual allegations.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  But this rule

10  does not apply to "'a legal conclusion couched as a factual allegation,'" *Twombly*, 550 U.S. at

11  555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), nor to "allegations that contradict

12  matters properly subject to judicial notice" or to material attached to or incorporated by reference

13  into the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

14              Although a complaint need contain only "a short and plain statement of the claim

15  showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion

16  to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

17  claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

18  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something

19  more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

20  conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting

21  *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

22  for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

23  its judicial experience and common sense."  *Id*. at 679.  Ultimately, the inquiry focuses on the

24  interplay between the factual allegations of the complaint and the dispositive issues of law in the

25  action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

26              The court considers only the facts as pleaded: "[i]f, on a motion under Rule

27  12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the

28  motion must be treated as one for summary judgment . . . ."  Fed. R. Civ. P. 12(d).  As a general

1   rule, when a court considers a party's motion to dismiss, the court "must disregard facts that are

2   not alleged on the face of the complaint nor contained in documents attached to the complaint."

3   *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Hal Roach Studios, Inc. v. Richard*

4   *Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).

5            A court may consider certain information, even if it is not included in or attached

6   to the pleadings, if it is incorporated into the pleadings by reference.  When ruling on a motion to

7   dismiss under Rule 12(b)(6), a court may consider "documents whose contents are alleged in a

8   complaint and whose authenticity no party questions, but which are not physically attached to the

9   pleading."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds as*

10  *noted by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The incorporation

11  doctrine of *Branch* applies to "situations in which the plaintiff's claim depends on the contents of

12  a document, the defendant attaches the document to its motion to dismiss, and the parties do not

13  dispute the authenticity of the document, even though the plaintiff does not explicitly allege the

14  contents of that document in the complaint."  *Knievel*, 393 F.3d at 1076 (citing *Parrino v. FHP,*

15  *Inc.*, 146 F.3d 699, 706 (9th Cir.1998)).

16           Here, Mr. Mix alleges he entered into the ICA with the defendants on or about

17  June 10, 2013.  Compl. 3:5-6.  He alleges the defendants breached this contract.  *Id.* at 5:18-21.

18  He did not attach the ICA to his complaint because he did not have possession of it.  Opp'n at

19  4:18.  Mix's first claim, for breach of the ICA, depends on the contents of that agreement.  But if

20  the court is to consider it, *Knievel* requires (1) that Sampson have attached it to its motion to

21  dismiss and (2) that the parties do not dispute that the attached document is in fact the ICA

22  Sampson allegedly breached.

23           To the first requirement, a party may submit factual contentions with pretrial

24  motions.  The local rules of this district require "[f]actual contentions involved in pretrial

25  motions" to be "initially presented and heard upon affidavits," or in certain circumstances, by oral

26  argument.  Local Rule 230(h).  The local rules also require, among other things, an affidavit

27  submitted in support of a motion to "identify, authenticate, and attach documents and exhibits

28  offered in support of or in opposition to the motion, unless such documents and exhibits are

6

1    already in the record and specifically referred to in the motion or opposition." Local Rule 142.

2    In addition, as used in the local rule, the definition of "affidavit" "includes a declaration prepared

3    in accordance with" 28 U.S.C. § 1746. Local Rule 101.

4                Sampson has filed the amended declaration of Kimberly Neeb. ECF No. 10-3.

5    After amendment Ms. Neeb declared "under penalty of perjury" that her declaration was true and

6    correct; it meets the requirements of 18 U.S.C. § 1746. The declaration's exhibits are not already

7    in the record, so the declaration must also meet the requirement of Local Rule 142 to "identify,

8    authenticate, and attach documents and exhibits offered in support of or in opposition to the

9    motion." In her declaration, Ms. Neeb claims to be "the administrator of Sampson Transport,

10   LLC," the defendant. Am. Decl. 1:5-7. She is the custodian of Sampson's records. *Id.* at 1:8-9.

11   The declaration attaches a "Business Operating Agreement" (BOA) as an exhibit. *Id.* Ex. B, at

12   B1. Neeb reports Mr. Mix began working with Sampson as a "Lease Operator" under the BOA.

13   *Id.* at 2:7-9. Sampson implies this agreement governs its relationship with Mr. Mix. Mem. at 1-

14   2. The BOA includes a forum selection clause: "All civil actions filed as a result of disputes

15   arising out of this agreement shall be in the court of proper jurisdiction in the state of

16   Washington." Am. Decl. Ex. B, at B2. The BOA is dated May 21, 2014. *Id.* Mr. Mix, however,

17   alleges he entered into the ICA with Sampson on June 10, 2013. Compl. 3:5-6. Ms. Neeb's

18   declaration does not attach or describe a contract between Sampson and Mr. Mix dated any earlier

19   than May 2014, and does not report the parties had agreed to a forum selection clause before May

20   2014. Whether they did is a question of disputed fact inappropriate for resolution on a 12(b)(6)

21   motion to dismiss. The declaration does not sufficiently establish the BOA is the authentic

22   contract under which Mr. Mix sues, and so is not a compliant affidavit.

23               For similar reasons, the BOA does not satisfy the second requirement, that the

24   parties not dispute its authenticity. The BOA's authenticity is questionable and subject to dispute.

25   As described above, it is dated May 21, 2014, a little more than one month before this action

26   commenced, whereas Mr. Mix alleges his contractual relationship with Sampson began in June

27   2013. Sampson also acknowledges the parties "negotiated and executed a second hauling

28   contract" in 2014, apparently contradicting its assertion that the 2014 BOA contract governed

1    their entire relationship.  Mem. at 10-12.  Mr. Mix's "questions" about the BOA's authenticity are

2    understandable, Opp'n 4:19, although he overstates his case to suggest the court has "no

3    information by which it can judge the authenticity or foundation of" the BOA.  Pls.' Obj. to Evid.

4    2:2-3, ECF No. 12-1.

5                    2.        Transfer Under 1404(a)

6            Section 1404(a) of Title 28 permits a district court to "transfer any civil action to

7    any other district or division where it might have been brought or to any district or division to

8    which all parties have consented" "[f]or the convenience of parties and witnesses."  Typically, in

9    considering such a transfer, the court "must evaluate both the convenience of the parties and

10   various public-interest considerations," "weigh[ing] the relevant factors and decid[ing] whether,

11   on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise

12   promote 'the interests of justice.'"  *Atl. Marine*, 134 S.Ct. at 581 (quoting 28 U.S.C. § 1404(a)).

13           "Section 1404(a) is intended to place discretion in the district court to adjudicate

14   motions for transfer according to an 'individualized, case-by-case consideration of convenience

15   and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v.

16   Barrack*, 376 U.S. 612, 622 (1964)).  "[A] motion to transfer venue for convenience pursuant to

17   28 U.S.C. § 1404(a) does not concern the issue 'whether and where' an action may be properly

18   litigated.  It relates solely to the question where, among two or more proper forums, the matter

19   should be litigated to best serve the interests of judicial economy and convenience to the parties."

20   *Injen Tech. Co., Ltd. v. Advanced Engine Mgmt. Inc.*, 270 F. Supp. 2d 1189, 1193 (S.D. Cal.

21   2003) (citations omitted).

22           In determining whether transfer is proper, the court must "balance the preference

23   accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum."

24   *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citations

25   omitted).  "In ruling on a motion to transfer pursuant to § 1404(a), the Court must evaluate three

26   elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of

27   justice."  *Safarian v. Maserati N. Am., Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008)

28   (citations omitted).  It is a defendant's burden to show that transfer is appropriate. *Decker Coal*

1   *Co.*, 805 F.2d at 843.  Certainly, this calculus changes if the parties have agreed to a valid forum

2   selection clause, *Atl. Marine*, 134 S. Ct. at 581, but here, the defendants have not established a

3   valid forum selection clause applies to their relationship with Mix.

4          Here, none of the relevant considerations weighs clearly in favor of either

5   Washington or California.  Sampson is a Wyoming corporation with its principal place of

6   business in Washington, and the individual defendants are both residents of Washington.  Mix, on

7   the other hand, is a resident of this district.  The court acknowledges his selection of this court as

8   forum.  This case will likely turn on the interpretation of the parties' contractual relationships and

9   whether Sampson exerted control over Mix, and their relationship spans both states.  At least one

10  party will be required to travel regardless of the forum, and the likely witnesses, most likely the

11  parties, will do the same.  Neither do the interests of justice appear to tip in favor of one party or

12  another.  It is therefore unclear whether California or Washington will provide the more

13  convenient forum.  Because Sampson bears the burden to show transfer is appropriate, and no

14  sufficient showing has been made, the court cannot grant its motion to transfer.

15         In summary, the defendants have not established a valid forum selection clause

16  applies to the parties' dispute.  The court denies the defendants' motion to dismiss or transfer.

17       B.    <u>Employment Claims</u>

18         Although Sampson styles its argument as one to dismiss for "improper venue," it

19  contends Mr. Mix was an independent contractor and not an employee.[2]  Mem. at 4:26-9:27.  If

20  Mr. Mix has not adequately alleged he is an independent contractor, then his claim for

21  misclassification as an independent contractor must be dismissed.  In addition, if Mr. Mix has not

22  adequately alleged his status as an "employee," Sampson owed no duty to pay him overtime

23  wages, and his fifth cause of action must also be dismissed.  *See* Cal. Code Regs. tit. 8,

24  § 11090(1) (applying the section to "all persons employed in the transportation industry"); *id.*

---

25  [2] Sampson submits that "the question of a venue selection clause in a trucking agreement is
26  specifically addressed in" *Ruiz v. Affinity Logistics*, 667 F.3d 1318 (9th Cir. 2012), *Ruiz v. Affinity Logistics*, 754 F.3d 1093 (9th Cir. 2014), and *State Compensation Ins. Fund v. Brown (SCIF)*, 32
27  Cal. App. 4th 188 (1995).  Mem. at 4:26-5:3.  But in *Ruiz I* and *II* the court only decided the effect of a choice of law clause, *see Ruiz II*, 754 at 1099; *Ruiz I*, 667 F.3d at 1321, and in *SCIF*
28  neither a choice of law nor forum selection clause was at issue, *see* 32 Cal. App. 4th at 192-98.

1    § 11090(2)(F) (defining employer as "any person . . . who directly or indirectly, or through an

2    agent or any other person, employs or exercises control over the wages, hours, or working

3    conditions of any person"); *id.* § 11090(3) (regulating overtime pay by employers). *Cf. Watkins*

4    *v. Ameripride Servs.*, 375 F.3d 821, 825 (9th Cir. 2004) (evaluating the plaintiff employee's claim

5    he was improperly exempted from Cal Code Regs. tit. 8, § 11090). Sampson's position on the

6    sixth claim is not so clear-cut. Mix alleges not only that the employment-related claims

7    constituted unfair business practices under the California Business and Professional Code, but

8    that the three alleged breaches of contract also make up part of that claim. *See* Compl. at 9:24-26.

9    The court first evaluates Sampson's contention that Mr. Mix has not adequately alleged he was an

10   employee, and then considers the impact of that determination on the claim for unfair business

11   practices.

12                1.      <u>Independent Contractor Status</u>

13               Mr. Mix alleges Sampson has misclassified him as an independent contractor. In

14   California, once a plaintiff alleges he has "provided services for an employer," he has established

15   a prima facie case of his status as an employee, not an independent contractor. *Ruiz v. Affinity*

16   *Logistics* (*Ruiz I*), 667 F.3d 1318, 1323 (9th Cir. 2012). The employer may rebut this

17   presumption if it can prove the plaintiff was an independent contractor. *Id.* In California, the

18   protection of workers is a "fundamental public policy." *Id.* (citing *S.G. Borello & Sons, Inc., v.*

19   *Dep't of Indus. Rel.*, 43 Cal. 3d 341, 350-54 (1989)). To determine whether a plaintiff is an

20   independent contractor or employee, the court must consider "[e]ach service arrangement . . . on

21   its facts." *Ruiz v. Affinity Logistics* (*Ruiz II*), 754 F.3d 1093, 1100 (9th Cir. 2014), *pet. for cert.*

22   *filed*, 83 U.S.L.W. 3248 (U.S. Oct. 20, 2014) (No. 14-451) (quoting *Borello*, 43 Cal. 3d at 354)

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

1   (alterations in original).  The "most important or most significant consideration" is the employer's

2   "right to control work details."  *Id.* (quoting *Borello*, 43 Cal. 3d at 350).  Other factors include

3   
4   
5   
6   
7   
8   
9

> (a) whether the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee.

10   *Borello*, 43 Cal. 3d at 351.  The parties' label for their relationship is not dispositive.  *Ruiz II*, 754

11   F.3d at 1101 (quoting *Estrada v. FedEx Ground Package Sys.*, 154 Cal. App. 4th 1, 10-11

12   (2007)).

13   The test is clearly factually intensive.  *Id.* at 1100.  But on a 12(b)(6) motion to

14   dismiss, as noted above, a court generally confines its inquiry to the four corners of the complaint.

15   Fed. R. Civ. P. 12(d).  Consideration of some external facts, such as documents attached to a

16   complaint or incorporated by reference or matter of judicial notice, will not convert a motion to

17   dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th

18   Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  The purpose of

19   Rule 12(b)(6) is to allow a defendant's challenge to the complaint's "legal sufficiency."

20   *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (quoting *Rutman Wine*

21   *Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)).

22   Sampson relies heavily on Ms. Neeb's declaration and the attached exhibits,

23   basing its argument almost entirely on facts not alleged in the complaint.  Sampson contends its

24   contract with Mr. Mix included a paragraph defining their relationship as "that of an independent

25   contractor."  Mem. at 2:1-2 (quoting Neeb Decl. Ex. B, at B2).[3]  It argues Mr. Mix insisted he be

26   classified as an independent contractor.  *Id.* at 2:9-10 (citing Neeb Decl. at 3).  According to

27   

28   
---
[3] The court considers the defendants' citations to the original declaration as though they pointed to the amended declaration.

11

1    Sampson, Mr. Mix owned his truck, chose his hours, decided whether to accept assignments,

2    frequently declined assignments, and picked his own routes.  *Id.* at 2:10-26 (citing Neeb Decl. 3-

3    6).  These are factual contentions the court does not consider in deciding a motion to dismiss.

4    Rather, the court must assume Mix's factual allegations are true.  *Erickson*, 551 U.S. at 93-94.

5              The complaint's allegations are sparse, but are sufficient to show that Mr. Mix

6    provided services for Sampson, and so he is presumptively an employee.  Sampson may still

7    prevail if the facts as alleged rebut this presumption.  First, Mix's claim that Sampson exerted

8    significant control over him and controlled the manner in which he performed his job only

9    restates the standard he must meet to survive Sampson's motion and are insufficient on their own.

10   *Twombly*, 550 U.S. at 555.  Regarding his claim of control, Mix alleges only that "many times"

11   Sampson loaded his truck without asking, threatened to end their relationship if he didn't take a

12   job, paid him inconsistently, and required long hours without overtime pay.  These are weak

13   claims in light of Mix's other allegations, including that Mix's contract with Sampson was an

14   "independent contractor agreement"; that he owned his truck and trailer, although he purchased

15   them from Sampson; that he paid for maintenance and upkeep; and that Sampson did not pay him

16   a salary, but by completed delivery.

17             Despite the complaint's lack of clarity, California law presumes Mr. Mix is an

18   employee, and Sampson has not rebutted that presumption.  Because the inquiry into employee

19   status under California law is broad, multi-factored, and factually intensive, a motion to dismiss is

20   not properly granted on this record.  *See, e.g.*, *Ybarra v. John Bean Technologies Corp.*, No. CV-

21   F-11-0288 LJO SMS, 2011 WL 1596121, at *5 (E.D. Cal. Apr. 27, 2011) (denying motion to

22   dismiss because decision whether plaintiff was subjected to "supervision and control such that he

23   was an employee . . . [was] a factual question which cannot be resolved on a motion to dismiss,"

24   especially in light of disputed factual allegations).

25                    2.     Unfair Business Practices

26             California law prohibits "any unlawful, unfair or fraudulent business act or

27   practice."  Cal. Bus. & Prof. Code § 17200.  Private plaintiffs may bring actions under this law.

28   *Clark v. Superior Court*, 50 Cal. 4th 605, 610 (2010).  The California Supreme Court has

1   described § 17200 as "sweeping, embracing 'anything that can properly be called a business

2   practice and that at the same time is forbidden by law.'" *Cel-Tech Commc'ns, Inc. v. Los Angeles*

3   *Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999) (quoting *Rubin v. Green*, 4 Cal. 4th 1187,

4   1200 (1993)).  It "borrows violations of other laws and treats them as unlawful practices that the

5   unfair competition law makes independently actionable." *Levitt v. YelpA Inc.*, 765 F.3d 1123,

6   1130 (9th Cir. 2014) (quoting *Cel-Tech*, 20 Cal. 4th at 180).  In particular, "any business act or

7   practice that violates the Labor Code through failure to pay wages is, by definition (§ 17200), an

8   unfair business practice." *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 178

9   (2000).  Because the court does not dismiss the claims stemming from Sampson's alleged

10  misclassification, it likewise leaves this claim in place.

11          C.      Claims against Mr. Sampson and Ms. Neeb and Attorneys' Fees

12          Ms. Neeb and Mr. Sampson argue they should be dismissed because Mr. Mix

13  alleges only that he contracted with Sampson Transport and not Mr. Sampson or Ms. Neeb.

14  Mem. 11:27-12:2.  But Mix alleges that he "and *Defendants* entered into a valid written lease and

15  independent contractor agreement . . . ." Compl. 3:5-6 (emphasis added).  Because the plaintiff

16  alleges he contracted with all the defendants, the court denies the plaintiffs' motion to dismiss

17  Ms. Neeb and Mr. Sampson.

18          Sampson argues it is entitled to attorneys' fees "under operation of contract as the

19  prevailing parties if this suit is dismissed." Mem. 12:4-5.  Defendants do not specify under which

20  contract Mix is required to pay their fees.  Because the court does not dismiss the complaint, and

21  defendants do not specify under which contract Mix is required to pay their fees, the court does

22  not award fees at this time.

23  III.    CONCLUSION

24          For the foregoing reasons, the defendants' motion to dismiss is DENIED.

25          IT IS SO ORDERED.

26  DATED:  November 14, 2014.

27                                          _____
                                            UNITED STATES DISTRICT JUDGE
28

13